Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 11-15842-mg

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6

7  LUI J KIM,

8

9           Debtor.

10

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12

13             U.S. Bankruptcy Court

14             One Bowling Green

15             New York, New York

16

17             September 10, 2012

18             10:02 AM

19

20  B E F O R E :

21  HON. MARTIN GLENN

22  U.S. BANKRUPTCY JUDGE

23

24

25

1   HEARING re:   Adj. Hearing RE: Motion to Approve Sale filed
2   by Andrea Fischer.   (CC: Doc. No. 56, 65), Marked Up
3   Documents: 56, 64, 65, 70, 71, 72, 73, 74
4
5   (CC: Doc. No. 76) TRUSTEE'S MOTION FOR ORDER PURSUANT TO 11
6   U.S.C. §§ 105(a) AND 363 AND FED. R. BANKR. P. 2002, AND
7   9014 PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 FED. R. BANKR.
8   P. 2002, 6004, AND 9014 APPROVING SALE OF DEBTORS PROPERTY
9   LOCATED AT 53-09 SKILLMAN AVENUE, WOODSIDE, NEW YORK TO NOOR
10  AHMED YAQUB filed by Robert A. Wolf on behalf of Robert L.
11  Geltzer.  Marked Up Documents:   76
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Pamela A. Skaw

1   A P P E A R A N C E S :
2   LAW OFFICES OF ROBERT L. GELTZER
3        Attorney for the Trustee
4        1556 Third Avenue
5        New York, NY 10128
6
7   BY:  ROBERT L. GELTZER, ESQ.
8
9   SQUIRE SANDERS LLP
10       Attorney for the Trustee
11       30 Rockefeller Plaza
12       New York, NY 10112
13
14  BY:  ANDREA KAHN FISHER, ESQ.
15
16  ALSO PRESENT:
17  MARC YAVERBAUM
18
19
20
21
22
23
24
25

1         P R O C E E D I N G S

2         THE COURT: Be seated. All right. We're here on

3  Lui J. Kim, Number 11-15842.

4         MR. GELTZER: Good morning, Your Honor. I'm

5  Robert L. Geltzer, the trustee. I'm here with Ms. Fisher

6  from Squire Sanders and Mr. Yaverbaum, our real estate

7  broker.

8         This is, indeed, a duly served and unopposed

9  motion to sell property located at 5209 Skillman Avenue to

10 Noor Ahmed Yaqub. Let me spell that, if I may.

11 Noor, N-O-O-R, Ahmed, A-H-M-E-D, Yaqub, Y-A-Q-U-B, for

12 $940,000 after an auction that was conducted here in your

13 courtroom when there were six bidders who made 24 bids.

14        In my judgment, this was the highest and the best

15 offer. We'd appreciate it if the Court would approve the

16 sale and afford the buyer the protections of Section 363(m)

17 as well.

18        THE COURT: All right. Anybody else wish to be

19 heard with respect to this proposed sale?

20        All right. This matter was previously on the

21 Court's calendar because an issue of whether service had

22 been fully proper. The hearing was adjourned. Trustee's

23 counsel served -- the Court shortened time that the

24 trustee's counsel served notice; proof of service has been

25 filed. The Court concludes that notice of today's hearing

1    is properly served and of the notice of the proposed sale.

2            Mr. Geltzer, it's unclear to me whether this sale

3    is -- whether there's an objection or not.  Mr. Kim had

4    appeared at the last hearing.  He is not here today.  In any

5    event, for the reasons I'll explain, the Court overrules any

6    objection that Mr. Kim asserts to the proposed sale.

7            The Court previously established bidding

8    procedures for the sale.  There was an auction with active

9    bidding which took place, and the Court concludes that the

10   Yaqub bid is the highest and best for the property, that

11   this was an arm's-length transaction, that the sale -- the

12   proposed sale is entitled to a finding under 363(m).

13           The trustee has appropriately established that

14   this is -- the sale involves an appropriate exercise of

15   business judgment by the trustee under 363(b) and the

16   applicable cases in this Circuit, In re: Chateaugay Corp.,

17   973 F.2d 141 (2nd Cir. 1992); In re: Lionel Corp., 722 F.2d

18   1063 (2nd Cir. 1983), and also the Integrated Resources

19   Decision, 147 B.R. 650, (Bankr. Ct. SDNY, 1992).

20           The Court has considered each of the factors that

21   courts have been instructed to consider in deciding whether

22   a sale should take place and whether the sale process,

23   procedures and price are fair, adequate, and in the best

24   interests of debtor's estate.  All of those standards have

25   been satisfied and established here.

1           Likewise, the trustee has established the basis

2  for this sale free and clear of all lien claims, encumbrance

3  or interest under Section 363(f) and, as I've already

4  indicated, the sale to this buyer is entitled to protection

5  provided by Section 363(m).

6           Additionally, the Court hereby waives the stay

7  under Rule 6004(h) so the sale can promptly close.

8           No new objections certainly have been filed since

9  the last hearing in this case and, as I said earlier, it's

10 unclear to me whether Mr. Kim continues to object but, in

11 any event, the objection that he previously attempted to

12 assert was not well taken and is overruled, if, in fact,

13 Mr. Kim still objects.

14          So, the sale's approved Mr. Geltzer.

15          MR. GELTZER:  We have no further objection.

16          THE COURT:  Do we have an order?

17          MS. FISHER:  Excuse me, Your Honor?

18          THE COURT:  Do I have a disk with the order?

19          MS. FISHER:  An order was -- I believe Ms. Chung

20 has an order --

21          THE COURT:  Okay.

22          MS. FISHER:  -- that was sent to her last week.

23          THE COURT:  All right.  Thank you very much.

24          MS. FISHER:  Thank you, Your Honor.

25          THE COURT:  We're adjourned.

1          MR. GELTZER:  Thank you, Your Honor.
2          THE COURT:  We're in recess until 11 o'clock.
3     (Whereupon these proceedings were concluded at 10:07
4  AM)

```
 1                        I N D E X

 2                        R U L I N G

 3

 4                                              PAGE        LINE

 5    Motion to Approve Sale of property          5           5

 6    Located at 5209 Skillman Avenue,

 7    Woodside, New York to Noor Ahmed Yaqub

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    C E R T I F I C A T I O N

3   I, Pamela A. Skaw, certify that the foregoing transcript is
4   a true and accurate record of the proceedings.

**Pamela A Skaw**

Digitally signed by Pamela A Skaw
DN: cn=Pamela A Skaw, o, ou, email=digital1@veritext.com, c=US
Date: 2012.10.08 14:47:13 -04'00'

Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501

Date:   September 14, 2012