**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FOR PUBLICATION

In re:

              Liu J. Kim,

                      Debtor.

Case No. 11-15842 (MG)

Chapter 7

## MEMORANDUM OPINION AND ORDER REOPENING
## CHAPTER 7 CASE

*A P P E A R A N C E S:*

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN, LLP**
*Attorneys for 1204 Broadway NYC LLC*
1201 RXR Plaza
Uniondale, New York 11556
By:    Jeffrey A. Miller, Esq.
        Mickee M. Hennessy, Esq.

**RUBIN & RUBIN, P.C.**
*Attorneys for Liu J. Kim*
212 Elmwood Road
South Salem, New York 10590
By:    Margarita Rubin, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

        1204 Broadway NYC LLC ("1204 Broadway") moved to reopen the chapter 7 case of

Liu J. Kim ("Kim" or the "Debtor") for the purpose of applying the surplus funds of Kim's

estate—currently held in the court registry—to a state court judgment 1204 Broadway obtained

against Kim.  On March 29, 2017, the Court held a hearing and granted 1204 Broadway's motion

to reopen the case from the bench.  The Court has not reached a decision as to 1204 Broadway's

request for the turnover of the surplus funds.  This opinion sets out the Court's reasons for

granting 1204 Broadway's motion to reopen.

# I.    BACKGROUND

On December 22, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On March 14, 2012, the case was converted to one under chapter 7 of the Bankruptcy Code.  (ECF Doc. # 27.)  Robert Geltzer, Esq., was appointed as the chapter 7 Trustee pursuant to 11 U.S.C. § 702.

On July 12, 2012, Carolle Kim Realty, Inc. ("CKR"), a company that was wholly owned by Kim, also filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  (Case No. 12-13040, ECF Doc. # 1.)  Geltzer was appointed as the chapter 7 Trustee for this debtor as well.  CKR's scheduled assets included an apartment building located at 134 East 36th Street, New York, NY (the "Property").  By Order entered on September 20, 2012, this Court authorized the Trustee to sell the Property to the Vaid Family Descendants Trust and its permitted assignees, which included 1204 Broadway.  (Case No. 12-13040, ECF Doc. # 32.)

Following the Property's sale, Kim continued to occupy an apartment unit at the Property without the consent of 1204 Broadway, and while doing so, Kim vandalized and caused substantial damage to the Property.  (ECF Doc. # 119, ¶ 9.)  In addition to damaging the Property, Kim reported code violations—allegedly caused by his own vandalism—to the New York City Department of Housing Preservation & Development, forcing 1204 Broadway to pay fines.  (*Id.* at ¶ 2.)  1204 Broadway commenced two actions against Kim—a holdover proceeding in New York State Landlord-Tenant Court, and a plenary action for damages in New York State Supreme Court (the "New York State Plenary Action").  (*Id.* at ¶ 10–11.)

On December 5, 2013, the New York State Plenary Action was decided in favor of 1204 Broadway on the issue of liability.  (ECF Doc. # 119, Ex. C.)  On April 4, 2014, before any decision on damages in the New York State Plenary Action, the Trustee filed the Trustee's Final

Report in Kim's personal bankruptcy case, which indicated an anticipated surplus. (ECF Doc. # 104.) Soon after the Trustee's Final Report was filed, Justice Richard F. Braun, presiding over the New York State Plenary Action, signed an Order to Show Cause filed by 1204 Broadway, enjoining the Trustee from distributing any surplus funds to Kim during the action's pendency. (ECF Doc. #119, Ex. D.)

On June 24, 2014, this Court endorsed a handwritten stipulation entered into by Kim, 1204 Broadway, and the Trustee, agreeing that the surplus funds in the amount of $1,031,958.41 would be deposited with the Clerk of this Court, to be released upon a final judgment in the New York State Plenary Action. (ECF Doc. # 110.) Kim's chapter 7 case was closed on December 18, 2014, after this Court's Order of Final Decree was issued on December 15, 2014. (ECF Doc. # 117.)

On March 9, 2015, Referee Ira Gammerman ruled on the issue of damages in the New York State Plenary Action, awarding 1204 Broadway $116,468.00. (ECF Doc. # 119, ¶ 19.) Following Referee Gammerman's ruling, 1204 Broadway filed a motion to the New York State Supreme Court objecting to the Referee's report in part, and instead seeking the following relief: "(i) $815,611.35 in compensatory damages; (ii) $2,446,834.05 in punitive damages; (iii) $230,946.97 [in fees and expenses] . . . ; and (iv) pre-judgment interest at the statutory rate of 9% per year from October 14, 2012." (*Id.* at ¶ 20.)

After Kim's attorney failed to appear for a scheduled hearing on 1204 Broadway's motion, Justice Braun granted 1204 Broadway's motion on default. (*Id.* at Ex. E.) The parties subsequently agreed to vacate the default judgment and reschedule their hearing. (*Id.* at Ex. F.) Kim's attorney failed to appear again for the rescheduled hearing and Justice Braun instructed 1204 Broadway to provide a proposed damages order. (*Id.* at Ex. G.) Rather than accept 1204

Broadway's proposed order, however, Justice Braun ordered the parties to appear for yet another

hearing, scheduled for December 19, 2016.  (*Id.* at ¶ 26.)  Counsel for both parties appeared at

the hearing, and after argument, Justice Braun instructed counsel to attempt to reach a settlement

on the appropriate damages award.  (*Id.*)  Justice Braun scheduled another hearing for January

30, 2017, advising counsel that a final decision would be issued if the parties failed to settle.

(*Id.*)  The parties did not reach a settlement, and Kim's attorney did not appear at the January 30,

2017 hearing. (*Id.* at ¶ 26.)  Justice Braun ordered entry of a default judgment in favor of 1204

Broadway in the amount of $4,550,583.54.  (*Id.* at ¶ 27.)  Following Justice Braun's decision,

1204 Broadway moved to have this Court reopen Kim's chapter 7 case so the surplus funds from

Kim's estate, currently in an account with the Clerk of the Court, may be applied to 1204

Broadway's damages award.

　　　　The affidavit of service for 1204 Broadway's motion to reopen the chapter 7 case lists the

service parties as Howard C. Chun, Esq. and Margarita Rubin, Esq.  (ECF Doc. # 119.)  Chun

and Rubin represented Kim in the New York State court actions, but neither attorney ever filed a

notice of appearance for Kim in the bankruptcy court.  Rubin was present at the hearing on the

motion to reopen the case, but since she has not filed a notice of appearance in this case, her

attendance is not sufficient for the court to conclude that Kim was served with the motion, such

that any further service on Kim would not be necessary.

## II.　　DISCUSSION

### A.　　1204 Broadway Has Established Cause to Reopen Kim's Case

　　　　Bankruptcy Rule 5010 allows a bankruptcy court to reopen a bankruptcy case under

section 350(b) of the Bankruptcy Code upon a motion by the debtor "or other party in interest."

FED. R. BANKR. P. 5010.  Section 350(b) of the Bankruptcy Code provides that "[a] case may be

reopened in the court in which such case was closed to administer assets, to accord relief to the

debtor, or for other cause." 11 U.S.C. § 350(b). The Code does not define "other cause," and the

decision to reopen a bankruptcy case is discretionary. *See In re Easley-Brooks*, 487 B.R. 400,

406 (Bankr. S.D.N.Y. 2013) (citing *In re Cruz*, 254 B.R. 801, 804 (Bankr. S.D.N.Y. 2000)). The

burden is on the movant to demonstrate cause for reopening the bankruptcy case. *Id.* (citing *In*

*re Otto*, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)). Due to the limited nature of a proceeding to

reopen a case, however, the Court's decision to reopen is not an adjudication on the substantive

issues raised by the moving party and "determines nothing with respect to the merits of the

case." *In re Menk*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999) (internal citations omitted).

To determine whether sufficient cause exists to reopen a case, the bankruptcy court "may

consider numerous factors including equitable concerns, and ought to emphasize substance over

technical considerations." *Id.* at 406–07 (citing *In re Emmerling,* 223 B.R. 860, 864 (B.A.P. 2d

Cir. 1997)). Some factors courts consider include:

> (1) the length of time that the case was closed;
> (2) whether a nonbankruptcy forum has jurisdiction to determine the issue
> that is the basis for reopening the case;
>
> (3) whether prior litigation in the bankruptcy court determined that another
> court would be the appropriate forum;
>
> (4) whether any parties would suffer prejudice should the court grant or
> deny the motion to reopen;
>
> (5) the extent of the benefit to *any party* by reopening; and
>
> (6) whether it is clear at the outset that no relief would be forthcoming if
> the motion to reopen is granted.

*In re Atari, Inc.*, No. 13-10176 (JLG), 2016 WL 1618346, at *4–5 (Bankr. S.D.N.Y. Apr. 20,

2016) (emphasis added).

By its motion, 1204 Broadway has demonstrated that cause exists to reopen Kim's

chapter 7 case. The surplus funds from Kim's chapter 7 case are still being held with the Court,

and Kim's case must be reopened to determine the appropriate distribution for these funds.

Although Kim's chapter 7 case has been closed for more than two years, a damages award was

only recently ordered in the New York State Plenary Action.  Kim will not suffer prejudice as a

result of the Court's grant of 1204 Broadway's motion, as he will have the opportunity to object

to any future motion made by 1204 Broadway with respect to the merits of 1204 Broadway's

request that the Clerk pay 1204 Broadway the funds held with the Court.  No other parties to

Kim's previously closed chapter 7 case will be prejudiced by the Court's decision as all

administrative expenses and allowed claims in Kim's chapter 7 case were paid in full, and

indeed, no objections to 1204 Broadway's motion were filed.  (ECF Doc. # 114.)  Under the

circumstances, there is no need for the appointment of a chapter 7 Trustee.

## B.        1204 Broadway's Motion to Reopen May be Granted Ex Parte

The Bankruptcy Code does not state whether a party seeking to reopen a bankruptcy case

must provide notice to potentially interested parties, and cases considering the issue are clear that

such notice is not required.  *See, e.g.*, *In re Menk*, 241 B.R. at 914 (B.A.P. 9th Cir. 1999)

(acknowledging that neither 11 U.S.C. § 350(b) nor Rule 5010 prescribe a notice requirement

and that a creditor's motion to reopen a case can be properly made *ex parte*); *In re Barrett*, No.

05-36825, 2006 WL 2587978 (Bankr. N.D. Ind. Sept. 8, 2006) (overruling the debtor's objection

to a creditor's motion to reopen a bankruptcy case, as "[s]uch motions are typically granted ex

parte"); *In re Keenan*, 106 B.R. 239, 241 (Bankr. D. Colo. 1989) (holding that debtors seeking to

reopen their chapter 7 bankruptcy case to avoid a creditor's lien were not required to serve notice

of their motion to reopen upon the creditor).

Thus, 1204 Broadway's failure to serve Kim with notice of its motion does not affect the

Court's decision to reopen the case.  The Court has not reached a decision on the specific relief

that 1204 Broadway ultimately seeks with respect to the surplus funds, and any future motion for

such relief must provide Kim with adequate notice and an opportunity to object.

### III. <u>CONCLUSION</u>

For the foregoing reasons, 1204 Broadway's motion to reopen Liu J. Kim's chapter 7

case and turnover surplus funds is **GRANTED IN PART AND DENIED IN PART**.  The

chapter 7 case shall be reopened, but no determination is made at this time how the surplus funds

shall be distributed.

**IT IS SO ORDERED.**

Dated:     April 7, 2017
           New York, New York

_____*Martin Glenn*_____
            MARTIN GLENN
      United States Bankruptcy Judge