UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

        Lui J. Kim,

                    Debtor.

NOT FOR PUBLICATION

Case No. 11-15842 (MG)

Chapter 7

## MEMORANDUM OPINION AND ORDER DIRECTING THE RELEASE OF FUNDS IN THE COURT REGISTRY TO 1204 BROADWAY

*A P P E A R A N C E S:*

**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**
*Attorneys for 1204 Broadway NYC LLC*
1201 RXR Plaza
Uniondale, New York 11556
By:    William C. Heuer, Esq.

**RUBIN & RUBIN, P.C.**
*Attorneys for Lui J. Kim*
212 Elmwood Road
South Salem, New York 10590
By:    Margarita Rubin, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

        On March 30, 2017, on the motion of 1204 Broadway NYC LLC ("1204 Broadway") (ECF Doc. # 119), the Court entered an order reopening the chapter 7 case of Lui J. Kim ("Kim" or the "Debtor") for the purpose of applying the surplus funds of Kim's estate in the amount of $1,031,958.41 (the "Funds")—currently held in this Court's registry—in partial satisfaction of a state court default judgment that 1204 Broadway obtained against Kim, awarding 1204 Broadway $815,611.35 in compensatory damages and $2,446,834.05 in punitive damages, plus interest from October 14, 2012. (ECF Doc. # 121.) Following the reopening of the case, on

April 27, 2017, 1204 Broadway filed a Motion to Release Funds From the Court Registry (the "Motion, ECF Doc. # 125.)  At the time the order reopening the case was entered, the Court did not reach a decision on 1204 Broadway's request for the turnover of the Funds because the Debtor's counsel stated that she intended to move in state court to vacate the default judgment. Debtor's counsel made the motion in state court.  On February 15, 2018, New York Supreme Court Justice Anthony Cannataro, in a reasoned written Decision and Order, denied the motion to vacate the default judgment.  (ECF Doc. # 140-1.)  The Counsel advised the Court at the hearing of the Motion that the Debtor filed a notice of appeal from the Decision and Order on March 19, 2018.  The Debtor has so far not sought or obtained a stay of the Decision and Order.

In light of that Decision and Order, 1204 Broadway now seeks to have the Funds on deposit with the Clerk released and turned over to it.  The motion is **GRANTED** on the conditions set forth below.

## I.    BACKGROUND

On December 22, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On March 14, 2012, the case was converted to one under chapter 7 of the Bankruptcy Code.  (ECF Doc. # 27.)  Robert Geltzer, Esq., was appointed as the chapter 7 Trustee pursuant to 11 U.S.C. § 702.

On July 12, 2012, Carolle Kim Realty, Inc. ("CKR"), a company that was wholly owned by Kim, also filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  (Case No. 12-13040, ECF Doc. # 1.)  Geltzer was appointed as the chapter 7 Trustee for this debtor as well.  CKR's scheduled assets included an apartment building located at 134 East 36th Street, New York, NY (the "Property").  By Order entered on September 20, 2012, this Court

2

authorized the Trustee to sell the Property to the Vaid Family Descendants Trust and its permitted assignees, which included 1204 Broadway. (Case No. 12-13040, ECF Doc. # 32.)

Following the Property's sale, Kim continued to occupy an apartment unit at the Property without the consent of 1204 Broadway, and while doing so, Kim vandalized and caused substantial damage to the Property. (ECF Doc. # 119, ¶ 9.) In addition to damaging the Property, Kim reported code violations—allegedly caused by his own vandalism—to the New York City Department of Housing Preservation & Development, forcing 1204 Broadway to pay fines. (*Id.* at ¶ 2.) 1204 Broadway commenced two actions against Kim—a holdover proceeding in New York State Landlord-Tenant Court, and a plenary action for damages in New York State Supreme Court (the "New York State Plenary Action"). (*Id.* at ¶ 10–11.)

On December 5, 2013, the New York State Plenary Action was decided in favor of 1204 Broadway on the issue of liability. (ECF Doc. # 119, Ex. C.) On April 4, 2014, before any decision on damages in the New York State Plenary Action, the Trustee filed the Trustee's Final Report in Kim's personal bankruptcy case, which indicated an anticipated surplus. (ECF Doc. # 104.) Soon after the Trustee's Final Report was filed, Justice Richard F. Braun, presiding over the New York State Plenary Action, signed an Order to Show Cause filed by 1204 Broadway, enjoining the Trustee from distributing any surplus funds to Kim during the action's pendency. (ECF Doc. #119, Ex. D.)

On June 24, 2014, this Court endorsed a handwritten stipulation entered into by Kim, 1204 Broadway, and the Trustee, agreeing that the surplus funds in the amount of $1,031,958.41 would be deposited with the Clerk of this Court, to be released upon a final judgment in the New York State Plenary Action. (ECF Doc. # 110.) Kim's chapter 7 case was closed on December

3

18, 2014, after this Court's Order of Final Decree was issued on December 15, 2014. (ECF Doc. # 117.)

On March 9, 2015, Referee Ira Gammerman ruled on the issue of damages in the New York State Plenary Action, awarding 1204 Broadway $116,468.00. (ECF Doc. # 119, ¶ 19.) Following Referee Gammerman's ruling, 1204 Broadway filed a motion to the New York State Supreme Court objecting to the Referee's report in part, and instead seeking the following relief: "(i) $815,611.35 in compensatory damages; (ii) $2,446,834.05 in punitive damages; (iii) $230,946.97 [in fees and expenses] . . . ; and (iv) pre-judgment interest at the statutory rate of 9% per year from October 14, 2012." (*Id.* at ¶ 20.)

After Kim's attorney failed to appear for a scheduled hearing on 1204 Broadway's motion, Justice Braun granted 1204 Broadway's motion on default. (*Id.* at Ex. E.) The parties subsequently agreed to vacate the default judgment and reschedule their hearing. (*Id.* at Ex. F.) Kim's attorney failed to appear again for the rescheduled hearing and Justice Braun instructed 1204 Broadway to provide a proposed damages order. (*Id.* at Ex. G.) Rather than accept 1204 Broadway's proposed order, however, Justice Braun ordered the parties to appear for yet another hearing, scheduled for December 19, 2016. (*Id.* at ¶ 26.) Counsel for both parties appeared at the hearing, and after argument, Justice Braun instructed counsel to attempt to reach a settlement on the appropriate damages award. (*Id.*) Justice Braun scheduled another hearing for January 30, 2017, advising counsel that a final decision would be issued if the parties failed to settle. (*Id.*) The parties did not reach a settlement, and Kim's attorney did not appear at the January 30, 2017 hearing. (*Id.* at ¶ 26.) Justice Braun ordered entry of a default judgment in favor of 1204 Broadway in the amount of $4,550,583.54. (*Id.* at ¶ 27.) Following Justice Braun's decision, 1204 Broadway moved to have this Court reopen Kim's chapter 7 case so the surplus funds from

4

Kim's estate, currently in an account with the Clerk of the Court, may be applied to 1204 Broadway's damages award.

1204 Broadway seeks an Order directing the release the Funds currently held in the Court registry. 1204 Broadway emphasizes that the parties specifically contemplated that the Funds would be held in the Court's registry only pending the entry of a final judgment in the State Court plenary action, and since a judgment has now been entered in that action in 1204 Broadway's favor, the Court should authorize the release of the Funds to partially satisfy the judgment.

The Debtor's counsel previously opposed release of the Funds at the time because on June 5, 2017, Justice Braun had signed an order to show cause brought by the Debtor, seeking to vacate the default that gave rise to the judgment. (ECF Doc. # 134, the "Opposition" ¶¶ 1, 3.) 1204 Broadway filed a limited response requesting that the Funds be kept in the Court's registry pending a determination of the state court on Kim's order to show cause. (ECF Doc. # 135 ¶ 4.)

Following a June 1, 2017 hearing on the Motion, on June 12, 2017, the parties requested that the status quo with respect to the Funds be maintained because the Debtor had sought relief in the New York State Supreme Court seeking to vacate the underlying judgment that gave rise to the Motion. (ECF Doc. # 137 at 1.) The parties requested that the Court postpone the consideration of the Motion pending the state court's ruling. (*Id.*) The Funds have remained in the Court's registry, and continue to be held there. (ECF Doc. # 140, the "Status Letter" at 1.)

On March 8, 2018, 1204 Broadway provided the Status Letter requesting that the Court consider the Motion. (*Id.*) The Status Letter explained that on February 15, 2018, the New York State Supreme Court issued a Decision and Order denying Kim's motion to vacate the underlying judgment, and upheld the damages previously awarded to 1204 Broadway both as to

5

category and amount (the "State Court Judgment," ECF Doc. # 140-1).  (Status Letter at 1–2.)  In light of this development, 1204 Broadway requests that the Court consider and rule upon the Motion.  (*Id.* at 2.)  Kim filed an appeal from the Decision and Order on March 19, 2018, but he has so far neither sought nor obtained a stay of the Decision and Order.

## II.    LEGAL STANDARD

Rule 67 of the Federal Rules of Civil Procedure governs the deposit of funds into the registry of federal courts, generally.  *See* Fed R. Civ. P. 67 (entitled "Deposit into Court").  Rule 67 is incorporated into adversary proceedings pursuant to Rule 7067 of the Bankruptcy Rules.  *See* Fed. R. Bankr. P. 7067.  Rule 67 is not generally incorporated into ordinary bankruptcy cases and proceedings absent an order of the Court.  *See* 10 COLLIER ON BANKRUPTCY ¶ 7067.01 (Resnick & Sommer, 16th ed.) (explaining that "[i]n the absence of an order to the contrary, it is inapplicable in contested matters, as it is not included in the list of applicable Part VII Rules in Bankruptcy Rule 9014").

Where the release of funds held in a court's registry is concerned, Rule 67 points to 11 U.S.C. § 2042, which provides, in pertinent part, "[n]o money deposited [in the court's registry] shall be withdrawn except by order of court."  *See* 11 U.S.C. § 2042.

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

## III.    DISCUSSION

1204 Broadway has established it is entitled to Funds based on the New York State Supreme Court's rulings.  The parties entered into a stipulation that this Court so-ordered specifically contemplating that the Funds would be released once the judgment in the underlying

state case became final. The Debtor's Opposition is now mooted by the fact that the Debtor's motion to vacate the default judgment has been denied. While the Debtor appealed the New York State Supreme Court's ruling, the Debtor has not obtained a stay from the state court Decision and Order, and the judgment is thus final. The Debtor did not submit an opposition to the Status Letter, or renew its Opposition to the Motion. The Court was holding the Funds to enable the state court action to reach a disposition, and since it now has, there does not appear to be any other reason for the Court to hold on to the Funds.

### IV.    CONCLUSION

For the above reasons, the Motion for release of the Funds is **GRANTED,** *except that this Order shall not become effective if the Debtor obtains a stay from the state court of the Decision and Order within 14 days from today.* If no stay is obtained within that time, the Clerk of the Court shall turn over the funds in the Court's Registry to 1204 Broadway, c/o Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, NY 11556, Attention, William Heuer, including the principle amount of $1,031,958.41 and all accrued interest thereof. Counsel for 1204 Broadway shall file a status report with the Court advising whether the state court has issued a stay within the 14-day period. Absent a state court stay within such time, this Order shall become effective immediately without further order of this Court.

**IT IS SO ORDERED.**

Dated:   March 28, 2018
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge